829 P.2d 1225

**The STATE of Arizona, Appellee,**

**v.**

**Moorosi MOKAKE, Appellant.**

**No. 2 CA–CR 89–0490.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 29, 1991.

As Corrected Nov. 6, 1991.

Reconsideration Denied Dec. 11, 1991.

Review Denied June 2, 1992.*

Grant Woods, Atty. Gen. by Paul J. McMurdie and Eric J. Olsson, Tucson, for appellee.

Susan A. Kettlewell, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

OPINION

LIVERMORE, Chief Judge.

In *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968), the Court held that an accused was denied his right to confrontation when pretrial testimony was admitted against him without a showing by prosecutorial authorities that a good faith effort to obtain the witness from outside the jurisdiction had been made and had failed. Only then could the witness be said to be unavailable so as to override the preference for live testimony required by the confrontation clause and to permit the introduction of reliable hearsay. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *State v. Edwards*, 136 Ariz. 177, 665 P.2d 59 (1983). We apply that rule to a prospective witness outside not only Arizona but also the United States.

■ Defendant, a citizen of Lesotho, attended the University of Arizona along

* Corcoran and Martone, JJ., of the Supreme Court, voted to grant review.

with several of his countrymen. Upset by the loss of his girlfriend to another man, he killed that man and shot his former lover in the head, causing permanent paralysis. He was charged with first degree murder, attempted first degree murder, burglary, and kidnapping. His defense was insanity. Because he was found incompetent to stand trial, he was not tried until 1989 for the offenses that occurred in 1987. By that time the woman victim had returned to Lesotho as had several other students who were familiar with the behavior of defendant immediately before and after the charged offenses. Over defendant's objection, their testimony was admitted by way of pretrial videotaped depositions. The trial court found that the witnesses were unavailable within the meaning of Ariz. R.Evid. 804(a)(5), 17A A.R.S., and that the proffered testimony was reliable hearsay. The jury found defendant guilty of second degree murder and aggravated assault, and he was sentenced to concurrent presumptive terms of imprisonment. Because the prosecutor did not make a good faith effort to obtain the presence of the witnesses from Lesotho, and thus those witnesses could not be said to be unavailable, we conclude that the admission of their pretrial testimony denied defendant his sixth amendment right to confrontation. Accordingly, we reverse.

On the morning of the first day of trial, the prosecutor introduced a letter he had just received from the Department of State. It reads in part:

1. THE DEPARTMENT OF STATE HAS REQUESTED THE EMBASSY'S ASSISTANCE IN MATTERS RELATED TO THE CRIMINAL PROSECUTION OF LESOTHO CITIZEN, MOOROSI MOKAKE, SCHEDULED TO BEGIN IN ARIZONA ON TUESDAY, 5/23.

2. PER THIS REQUEST, EMBASSY CONSULAR OFFICER SPOKE WITH THE LESOTHO CROWN ATTORNEY, MR. TAMPI, WHO HANDLES ALL INTERNATIONAL LEGAL MATTERS. TAMPI STATED THAT THE PROCESS FOR SERVING SUBPOENAS, AS REQUIRED IN A CASE SUCH AS THIS, IS QUITE SIMPLE. SERVICE OF SUBPOENAS MUST BE ORIGINATED THROUGH THE DEPARTMENT OF STATE, AND DIRECTED, THROUGH THE EMBASSY TO THE MINISTRY OF FOREIGN AFFAIRS (MFA); THE MFA WILL THEN DIRECT THE MATTER TO THE OFFICE OF THE CROWN ATTORNEY. TAMPI ADDED THAT THIS IS A PROCEDURE WHICH IS FREQUENTLY USED IN LESOTHO. HE ALSO NOTED THAT, IF THE U.S. COURT REQUIRES THE PHYSICAL PRESENCE OF ANY OF THE LESOTHO WITNESSES, U.S. AUTHORITIES MUST BE PREPARED TO PAY ALL RELATED EXPENSES.

3. OF THE SIX LESOTHO CITIZENS INVOLVED, FIVE WERE USAID SCHOLARSHIP RECIPIENTS, WHO ARE CURRENTLY LESOTHO GOVERNMENT EMPLOYEES, WORKING UNDER USAID–SPONSORED PROJECTS WITH THE MINISTRY OF AGRICULTURE (MOA). FOUR WORK FOR THE RANGE DIVISION OF MOA, AND ONE ... FOR THE LESOTHO AGRICULTURAL COLLEGE. THE ASSAULT VICTIM ... RECEIVED SCHOLARSHIP ASSISTANCE FROM THE FOOD AND AGRICULTURAL ORGANIZATION (CAO) FOR STUDY IN THE U.S.; SHE IS PRESENTLY LIVING IN MASERU, AND CAN BE CONTACTED VIA HER HUSBAND, AN ENGINEER WITH LESOTHO AIRWAYS.

What this clearly establishes is that there was a formal procedure for obtaining the witnesses, one that the prosecutor learned about but unaccountably did not utilize. In these circumstances, a finding that the prosecutor had made a good faith effort to obtain the presence of the witnesses at trial simply cannot be sustained. Moreover, even if the formal procedure were not available, good faith would require at least a diligent effort to have the witnesses appear voluntarily. See *United States v. Eufracio–Torres*, 890 F.2d 266 (10th Cir.1989); *State v. Aaron*, 49 Wash.App. 735, 745 P.2d 1316 (1987). Here, as in *Barber v. Page*, supra, the prosecutor did nothing. That is insufficient.

■ The state argues that any error was harmless. We do not understand how that contention can be made. The defense was insanity. The witnesses who were not present included those who could testify to defendant's behavior and demeanor before and after the offenses and the only eyewitness to the offenses. These were crucial witnesses to the mental state of the defendant. Their absence cannot be harmless.

Reversed.

LACAGNINA, P.J., and HOWARD, J., concur.